THE PEOPLE OF THE STATE OF NEW YORK ex rel. COMMISSIONERS OF CHARITIES AND CORRECTION, Respondent, v. GEORGE I. GLAZE, Appellant.

*Crimes — disorderly persons — upon a conviction before a police justice in New York city an appeal lies directly to the Court of General Sessions in the city of New York.*

It is provided by section 749 of the Code of Criminal Procedure, as amended by chapter 372 of the Laws of 1884, that "a judgment, upon conviction rendered by a Court of Special Sessions, police court, police magistrate or justice of the peace, * * * may be reviewed by the Court of Sessions of the county upon an appeal as prescribed by this title, and not otherwise."

Section 38 of that Code is as follows: "The Courts of Sessions are: 1. The Courts of Sessions in counties other than New York. 2. The Court of General Sessions in the city and county of New York."

George I. Glaze was convicted of being a disorderly person by a police magistrate of the city of New York, and appealed from this conviction directly to the Court of General Sessions, in the city and county of New York, which dismissed the appeal upon the ground that the appeal should have been taken in the first instance to the Court of Special Sessions.

*Held,* that, in view of the definition of "Courts of Sessions," contained in section 38 of the Code of Criminal Procedure, the language of section 749, permitting an appeal to such courts, was intended to provide for a direct appeal from a conviction by a police magistrate to the Court of General Sessions in the city and county of New York.

APPEAL by the defendant George I. Glaze from an order of the Hon. JAMES FITZGERALD, one of the judges of the Court of General Sessions in and for the city and county of New York, entered in the office of the clerk of the Court of General Sessions on the 17th day of May, 1892, dismissing an appeal from a judgment of a police justice of the city of New York convicting the defendant of being a disorderly person.

The appeal was not dismissed upon the merits, but solely upon the ground that an appeal from a judgment of conviction, rendered by a police justice of the city of New York, must be taken in the first instance to the Court of Special Sessions of said city.

*W. H. Arnoux,* for the appellant.

*H. J. Appel, Jr.,* for the respondent.

PER CURIAM:

It seems to us apparent by the amendments made to sections 515 and 749 of the Code of Criminal Procedure (which is the latest expression of the legislature regulating the practice in criminal cases, and special proceedings of a criminal nature), that it was the intention to give a right of appeal from the lower criminal courts directly to the Court of Sessions of the county. The learned judge below, in his criticism upon the language of section 749 of the Code of Criminal Procedure, that it does not refer to the Court of General Sessions of the city and county of New York, evidently overlooked section 38 of that Code, which defines the Courts of Sessions. That section is as follows: "The Courts of Sessions are: 1. The Courts of Sessions in counties other than New York. 2. The Court of General Sessions in the city and county of New York."

Therefore, when in section 749 the term "the Court of Sessions of the county" is used, it evidently refers to the Court of Sessions as defined in section 38, which includes the Court of General Sessions in the city and county of New York.

It would, therefore, seem that it was the intention of the legislature in these proceedings to adopt a uniform practice by clear and explicit terms; and the right to appeal from the conviction of a police magistrate to the Court of General Sessions in the county of New York, seems to be expressly given. The section reads: "A judgment, upon conviction rendered by a Court of Special Sessions, Police Court, police magistrate * * * may be reviewed by the Court of Sessions of the county, upon an appeal as prescribed by this title, and not otherwise;" language in respect to which there does not seem to be room for any other interpretation than that adopted.

We are of opinion, therefore, that the judgment appealed from should be reversed and the record remitted to the Court of General Sessions for further action.

Present — VAN BRUNT, P. J., O'BRIEN and PATTERSON, JJ.

Judgment reversed and record remitted to the Court of General Sessions for further action.